```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
In re:                                    :    24cv166(DLC)
                                          :
Hal Luftig Company, Inc.,                 :    MEMORANDUM
                                          :    OPINION AND ORDER
                        Debtor.           :
                                          :
------------------------------------------X
```

APPEARANCES:

For Debtor Hal Luftig Company, Inc.:
Sheryl P. Giugliano
Michael S. Amato
Ruskin Moscou Faltischek, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-0190

For Hal Luftig:
Adam L Rosen
1051 Port Washington Blvd.
PO Bo 552
Port Washington, NY 11050-0146

Martin J. Foley
Martin J. Foley, PLC
601 S. Figueroa Street, Ste. 2050

For Creditor FCP Entertainment Partners, LLC
John A. Mueller
Richard M. Sherer, Jr.
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202-2216

For the United States
William K. Harrington
United States Trustee

Paul Schwartzberg
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

DENISE COTE, District Judge:

Hal Luftig Company, Inc. (the "debtor") has moved for a certificate of appealability for an Opinion of March 19, 2024 (the "Opinion"). For the following reasons, this motion is denied.

**Background**

This litigation concerns a plan of reorganization that included a nonconsensual release of claims against a non-debtor. Familiarity with the prior Opinions in this case is presumed. See in re Hal Luftig Company, Inc., 657 B.R. 704 (S.D.N.Y. 2024) (the "Opinion"); in re Hal Luftig Company, Inc, 655 B.R. 508 (S.D.N.Y. 2023) (the "Findings"). On November 22, 2023, the Honorable John P. Mastando III of the United States Bankruptcy Court for the Southern District of New York issued Findings that recommended the confirmation of a Small Business Plan of Reorganization under Chapter 11 (the "Plan") for the debtor. The Plan included a nonconsensual release of claims by investor FCP against the debtor's president and sole shareholder, Hal Luftig ("Luftig"). On March 19, 2024, the Findings were rejected. The Opinion expressed skepticism of whether nonconsensual releases are available in small business reorganizations, but found that this was not a case in any event in which it should be permitted. Opinion, at 708. The Opinion

2

held that the Bankruptcy Court erred in giving the sixth Purdue factor little weight and rejected its justifications for doing so.  Opinion, at 708-9.

On March 28, the debtor moved for a certificate of appealability pursuant to 28 U.S.C. § 1292(b).  FCP and the United States Trustee opposed the motion on April 11.  The motion was fully submitted on April 17.  The debtor has also filed an appeal as of right to the Second Circuit Court of Appeals.

## Discussion

The standard for certification is well established.  28 U.S.C. § 1292 provides in relevant part that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order.

28 U.S.C. § 1292.

This statute is to be strictly construed, as the power to grant an interlocutory appeal "must be strictly limited to the precise conditions stated in the law," Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted), which is why "it continues to be true that only

'exceptional circumstances'" warrant certification. Id. (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (superseded on other grounds by rule as stated in Microsoft Corp. v. Baker, 582 U.S. 23, 26 (2017)).

The purported controlling issue of law identified by the debtor is whether the sixth Purdue factor, which requires the court to consider if "the impacted class of creditors overwhelmingly voted in support of the plan with the releases," should apply and be controlling in Subchapter V reorganization cases.[1]  In re Purdue Pharma L.P., 69 F.4th 45, 78 (2d Cir. 2023).  This is not a controlling question of law for the purposes of § 1292.

As an initial matter, the proper weight given to the sixth Purdue factor is a question that requires careful application of the facts; it is not a question of law alone.  In setting forth the Purdue factors, the Court of Appeals required that a bankruptcy court imposing a nonconsensual third-party release support each of these factors "with specific and detailed findings." Purdue, 69 F.4th at 79 (citation omitted).  The Court of Appeals further explained that "there may even be cases in which all factors are present, but the inclusion of third-party releases in a plan of reorganization should not be

---

[1] The debtor did not argue before the Bankruptcy Court or this Court that the sixth Purdue factor does not apply to Subchapter V cases.

4

approved." Id.  The weight given to each of the Purdue factors in a particular bankruptcy case is thus a fact-intensive determination that is not the proper subject for an interlocutory appeal under § 1292.

Nor has the debtor shown that there is a substantial ground for a difference of opinion on its identified issue of law.  No other court has directly addressed the issue.

Finally, an immediate appeal would not materially advance the ultimate termination of this litigation.  Even if the Opinion were vacated, the likely outcome would be a remand for further proceedings.  FCP and the U.S. Trustee made several objections to the release and each would have to be examined upon remand.

## Conclusion

The Debtor's March 28, 2024 motion to certify an appeal is denied.

Dated:   New York, New York
         April 30, 2024

```
                          _____
                                  DENISE COTE
                          United States District Judge
```